## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT          *
1250 Connecticut Avenue, NW        *
Suite 200                          *
Washington, D.C.  20036            *
                                   *
  and                    *
                                   *
KEN DILANIAN                       *
4001 Nebraska Avenue, NW           *
Washington, D.C. 20016             *
                                   *
  Plaintiffs,            *
                                   *
  v.                     *  Civil Action No. 16-116
                                   *
DEPARTMENT OF JUSTICE              *
2201 C Street, NW                  *
Washington, D.C. 20520             *
                                   *
  and                    *
                                   *
DEPARTMENT OF DEFENSE              *
1000 Defense Pentagon              *
Washington, D.C. 20301-1000        *
                                   *
  and                    *
                                   *
CENTRAL INTELLIGENCE AGENCY        *
Washington, D.C. 20505             *
                                   *
  and                    *
                                   *
OFFICE OF THE DIRECTOR             *
OF NATIONAL INTELLIGENCE           *
Washington, D.C. 20511             *
                                   *
  Defendants.            *
                                   *
* * * * * * * * * * * *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et</u> <u>seq.</u>, <u>as amended</u>, for the disclosure of agency records improperly withheld from plaintiffs The James Madison Project and Ken Dilanian by the defendants Department of Justice, Department of Defense, Central Intelligence Agency and the Office of the Director of National Intelligence (as well as their subordinate entities).

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4.   Plaintiff Ken Dilanian ("Mr. Dilanian") currently serves as an Investigator Reporter covering national security for NBC News in Washington, D.C. He has previously worked for The Associated Press, The Los Angeles Times, USA TODAY and the Philadelphia Inquirer. He reported from Iraq and more than two dozen other countries as a foreign correspondent.

5.   Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Executive Office for the U.S. Attorneys ("EOUSA"), the Criminal Division ("DOJ Crim") and the Federal Bureau of Investigation ("FBI").

6.   Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DOD controls – and consequently serves as the proper party defendant for litigation purposes for – the DoD Office of the Inspector General ("OIG") and the National Security Agency ("NSA").

7.   Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action.

8.   Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action.

## BACKGROUND

9.   This FOIA lawsuit seeks various records concerning former NSA employee Thomas Andrews Drake ("Mr. Drake") and the criminal/intelligence investigation into his activities.

10. Mr. Drake worked for NSA for more than two decades, first as a contractor and then – beginning on August 28, 2001 – as a Federal employee. He resigned from NSA on April 23, 2008. *https://www.fas.org/sgp/news/2010/04/drake-indict.pdf* (criminal indictment outlining Mr. Drake's work history at NSA). In 2002, Mr. Drake – along with other former NSA officials – filed a complaint with the DoD OIG regarding a project titled "Trailblazer", namely its use instead of a separate project titled "ThinThread". *http://www.washingtonpost.com/wp-dyn/content/article/2010/07/13/AR20100713 05992_2.html*.

11. On November 28, 2007, the FBI conducted a raid of Mr. Drake's home and he was later indicted on April 14, 2010. *http://www.washingtonian.com/blogs/capital comment/scene/indictment-continues-obama-administrations-war-on-leaks.php*. On the eve of trial, the DOJ dropped all but one of the charges against Mr. Drake, who agreed to plead guilty to one misdemeanor charge. *https://fas.org/sgp/jud/drake/071511-transcript. pdf*.

## COUNT ONE – FBI

12. By letter dated December 10, 2015, the plaintiffs, JMP and Mr. Dilanian (referred to jointly as "JMP"), submitted to the FBI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to Mr. Drake.

13. JMP indicated that the FBI could limit the scope of its search to the following categories of information:

    1)  Records memorializing the entirety of FBI's investigation into Mr. Drake's actions, including but not limited to lawful disclosures of information by Mr. Drake within the U.S. Government regarding Trailblazer, lawful disclosures of

information to Congress regarding Trailblazer, and allegedly unlawful
disclosures of classified information (including but not limited to Trailblazer
or ThinThread) to non-governmental third parties;

2)   Any documentation memorializing the extent to which Mr. Drake was deemed
by FBI to qualify as a "whistleblower" under then-existing laws, rules and
regulations with respect to his lawful disclosures of classified information;

3)   Any "damage" or "harm" assessments made regarding the impact that Mr.
Drake's allegedly unauthorized disclosures of allegedly classified information
has had upon the national security of the United States;

4)   Any documentation memorializing legal analyses of the viability of taking
legal action against Mr. Drake as a result of his allegedly unauthorized
disclosures of allegedly classified information, including civil and/or criminal
litigation;

5)   Any documentation memorializing legal analyses of the viability of bringing
criminal charges against Mr. Drake for his lawful disclosures of classified
information; and

6)   Any documentation memorializing legal, security or policy analyses
concerning the decision to drop criminal charges against Mr. Drake.

JMP clarified that the FBI could limit the timeframe of its search from January 1, 2000 up
until December 31, 2011. JMP further clarified that the scope of the FBI's search should
not be limited to FBI-originated records. JMP also requested that responsive records be
produced in electronic form.

14. In the FOIA request, JMP pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

15. In terms of all other third parties (aside from Mr. Drake) who work for the U.S. Government and whose names appear in records responsive to this request, JMP explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. In terms of Mr. Drake himself, JMP similarly described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Drake's categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

16. To date, no substantive response has been received by JMP from the FBI. JMP has constructively exhausted all required administrative remedies.

17. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT TWO – FBI

18. By letter dated December 21, 2015, JMP submitted to the FBI a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing "crime reports" received by the FBI seeking potential criminal prosecution of Mr. Drake.

19. JMP clarified that the FBI could limit the timeframe of its search from January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the FBI's search should not be limited to FBI-originated records. JMP also requested that responsive records be produced in electronic form.

20. In terms of Mr. Drake, JMP described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Drake's categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

21. To date, no substantive response has been received by JMP from the FBI. JMP has constructively exhausted all required administrative remedies.

22. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT THREE - EOUSA

23. By letter dated December 10, 2015, JMP submitted to the EOUSA a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to Mr. Drake.

24. JMP indicated that the EOUSA could limit the scope of its search to the following categories of information:

1) Records memorializing the entirety of EOUSA's investigation into Mr. Drake's actions, including but not limited to lawful disclosures of information by Mr. Drake within the U.S. Government regarding Trailblazer, lawful disclosures of information to Congress regarding Trailblazer, and allegedly unlawful disclosures of classified information (including but not limited to Trailblazer or ThinThread) to non-governmental third parties;

2) Any documentation memorializing the extent to which Mr. Drake was deemed by the EOUSA to qualify as a "whistleblower" under then-existing laws, rules and regulations with respect to his lawful disclosures of classified information;

3) Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States;

4) Any documentation memorializing legal analyses of the viability of taking legal action against Mr. Drake as a result of his allegedly unauthorized disclosures of allegedly classified information, including civil and/or criminal litigation;

5) Any documentation memorializing legal analyses of the viability of bringing criminal charges against Mr. Drake for his lawful disclosures of classified information;

6)  Any documentation memorializing the decision to authorize the FBI raid on

Mr. Drake's home;

7)  Any documentation memorializing the decision to not charge Mr. Drake for

lawful disclosures of classified information; and

8)  Any documentation memorializing legal, security or policy analyses

concerning the decision to drop criminal charges against Mr. Drake.

JMP clarified that the EOUSA could limit the timeframe of its search from

January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the

EOUSA's search should not be limited to EOUSA-originated records. JMP also

requested that responsive records be produced in electronic form.

25. JMP realleges paragraphs 14-15, as JMP's request to the EOUSA contained

similar language to that contained in the FBI request addressing privacy concerns and

JMP's request for a fee waiver.

26. To date, no substantive response has been received by JMP from the EOUSA.

JMP has constructively exhausted all required administrative remedies.

27. JMP has a legal right under the FOIA to obtain the information it seeks, and there

is no legal basis for the denial by the EOUSA of said right.

## **COUNT FOUR – DOJ Crim**

28. By letter dated December 21, 2015, JMP submitted to DOJ Crim a FOIA request.

The FOIA request specifically sought copies of records, including cross-references,

memorializing "crime reports" received by DOJ Crim seeking potential criminal

prosecution of Mr. Drake.

29. JMP clarified that DOJ Crim could limit the timeframe of its search from January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of DOJ Crim's search should not be limited to DOJ Crim-originated records. JMP also requested that responsive records be produced in electronic form.

30. In terms of Mr. Drake, JMP described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Drake's categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

31. By letter dated December 28, 2015, DOJ Crim notified JMP that the FOIA request had been assigned Request No. CRM-300506327.

32. To date, no substantive response has been received by JMP from DOJ Crim. JMP has constructively exhausted all required administrative remedies.

33. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ Crim of said right.

## **COUNT FIVE – DoD OIG**

34. By letter dated December 10, 2015, JMP submitted to the DoD OIG a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to Mr. Drake.

35. JMP indicated that the DoD OIG could limit the scope of its search to the following categories of information:

1) Records memorializing the entirety of the DoD OIG's investigation into Mr. Drake's written concerns regarding Trailblazer, including lawful disclosures of information by Mr. Drake within the U.S. Government and to Congress;

2) Records memorializing the entirety of DoD OIG's investigation into Mr. Drake's complaint of whistleblower retaliation;

3) Records memorializing the entirety of DoD OIG's investigation (if any) into Mr. Drake's allegedly unlawful disclosures of classified information (including but not limited to Trailblazer or ThinThread) to non-governmental third parties;

4) Any documentation memorializing the extent to which Mr. Drake was deemed by the DoD OIG to qualify as a "whistleblower" under then-existing laws, rules and regulations with respect to his lawful disclosures of classified information;

5) Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States; and

6) Any documentation memorializing the findings and/or recommendations issued by DoD OIG with respect to the investigations referenced in (1), (2), and/or (3) above.

JMP clarified that the DoD OIG could limit the timeframe of its search from January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the DoD OIG's search should not be limited to DoD OIG-originated records. JMP also requested that responsive records be produced in electronic form.

36. JMP realleges paragraphs 14-15, as JMP's request to the DoD OIG contained similar language to that contained in the FBI request addressing privacy concerns and JMP's request for a fee waiver.

37. Multiple attempts to submit the FOIA request to the DoD OIG via facsimile failed on December 10, 2015, and December 11, 2015. JMP was forced to mail the FOIA request via USPS certified mail on December 12, 2015.

38. By e-mail dated December 18, 2015, DoD OIG acknowledged receipt of JMP's request and assigned it Request No. FOIA-2016-00209. DoD OIG indicated it had received the request on December 18, 2015.

39. To date, no substantive response has been received by JMP from the DoD OIG. JMP has constructively exhausted all required administrative remedies.

40. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the DoD OIG of said right.

## COUNT SIX – NSA

41. By letter dated December 10, 2015, JMP submitted to the NSA a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to Mr. Drake.

42. JMP indicated that the NSA could limit the scope of its search to the following categories of information:

    1)  Records memorializing the entirety of NSA's investigation into Mr. Drake's actions, including but not limited to internal written and/or verbal concerns expressed by Mr. Drake to his NSA supervisors regarding Trailblazer, lawful disclosures of information to the NSA Office of Inspector General ("OIG")

12

regarding Trailblazer, lawful disclosures of information to Congress regarding Trailblazer, and allegedly unlawful disclosures of classified information (including but not limited to Trailblazer or ThinThread) to non-governmental third parties;

2)   Any documentation memorializing the extent to which Mr. Drake was deemed by NSA to qualify as a "whistleblower" under then-existing laws, rules and regulations with respect to his lawful disclosures of classified information;

3)   Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States;

4)   Any documentation memorializing legal analyses of the viability of taking legal action against Mr. Drake as a result of his allegedly unauthorized disclosures of allegedly classified information, including civil and/or criminal litigation;

5)   Any documentation memorializing analyses of administrative measures that could be taken against Mr. Drake as a result of his allegedly unauthorized disclosures of allegedly classified information, including with respect to his continued eligibility for access to classified information;

6)   Any documentation memorializing legal analyses of the viability of bringing criminal charges against Mr. Drake for his lawful disclosures of classified information;

7)   Any documentation memorializing analyses of administrative measures that could be taken against Mr. Drake for his lawful disclosures of classified

information, including with respect to his continued eligibility for access to classified information; and

8) Any documentation memorializing legal, security or policy analyses concerning the decision to drop criminal charges against Mr. Drake.

JMP clarified that the NSA could limit the timeframe of its search from January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the NSA's search should not be limited to NSA-originated records. JMP also requested that responsive records be produced in electronic form.

43. JMP realleges paragraphs 14-15, as JMP's request to the NSA contained similar language to that contained in the FBI request addressing privacy concerns and JMP's request for a fee waiver.

44. To date, no substantive response has been received by JMP from the NSA. JMP has constructively exhausted all required administrative remedies.

45. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the NSA of said right.

## COUNT SEVEN – NSA

46. By letter dated December 21, 2015, JMP submitted to the NSA a FOIA request. The FOIA request specifically sought copies of records, including cross-references, memorializing "crime reports" filed by NSA with DOJ seeking potential criminal prosecution of Mr. Drake.

47. JMP clarified that the NSA could limit the timeframe of its search from January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of NSA's search should not be limited to NSA-originated records. JMP also requested that

14

responsive records be produced in electronic form.

48. In terms of Mr. Drake, JMP described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Drake's categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

49. To date, no substantive response has been received by JMP from the NSA. JMP has constructively exhausted all required administrative remedies.

50. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the NSA of said right.

## **COUNT EIGHT – CIA**

51. By letter dated December 10, 2015, JMP submitted to the CIA a FOIA request. The FOIA request specifically sought copies of records, including cross-references, pertaining to Mr. Drake.

52. JMP indicated that the CIA could limit the scope of its search to the following categories of information:

1) Records memorializing the entirety of the CIA's investigation into Mr. Drake's actions, including but not limited to his lawful disclosures of information within the U.S. Government and to Congress regarding Trailblazer, as well as his allegedly unlawful disclosures of classified information (including but not limited to Trailblazer or ThinThread) to non-governmental third parties; and

2)  Any "damage" or "harm" assessments made regarding the impact that Mr.

Drake's allegedly unauthorized disclosures of allegedly classified information

has had upon the national security of the United States.

JMP clarified that the CIA could limit the timeframe of its search from

January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the

CIA's search should not be limited to CIA-originated records. JMP also requested that

responsive records be produced in electronic form.

53. JMP realleges paragraphs 14-15, as JMP's request to the CIA contained similar

language to that contained in the FBI request addressing privacy concerns and JMP's

request for a fee waiver.

54. To date, no substantive response has been received by JMP from the CIA. JMP

has constructively exhausted all required administrative remedies.

55. JMP has a legal right under the FOIA to obtain the information it seeks, and there

is no legal basis for the denial by the CIA of said right.

## <u>COUNT NINE – ODNI</u>

56. By letter dated December 10, 2015, JMP submitted to the ODNI a FOIA request.

The FOIA request specifically sought copies of records, including cross-references,

pertaining to Mr. Drake.

57. JMP indicated that the ODNI could limit the scope of its search to the following

categories of information:

1)  Records memorializing the entirety of the ODNI's investigation into Mr.

Drake's written concerns regarding Trailblazer, including lawful disclosures

of information by Mr. Drake within the U.S. Government and to Congress;

16

2)   Records memorializing the entirety of ODNI's investigation into Mr. Drake's

   complaint of whistleblower retaliation;

3)   Records memorializing the entirety of ODNI's investigation (if any) into Mr.

   Drake's allegedly unlawful disclosures of classified information (including but

   not limited to Trailblazer or ThinThread) to non-governmental third parties;

4)   Any documentation memorializing the extent to which Mr. Drake was deemed

   by the ODNI to qualify as a "whistleblower" under then-existing laws, rules

   and regulations with respect to his lawful disclosures of classified

   information;

5)   Any "damage" or "harm" assessments made regarding the impact that Mr.

   Drake's allegedly unauthorized disclosures of allegedly classified information

   has had upon the national security of the United States; and

6)   Any documentation memorializing the findings and/or recommendations

   issued by ODNI with respect to the investigations referenced in (1), (2), and/or

   (3) above.

JMP clarified that the ODNI could limit the timeframe of its search from

January 1, 2000 up until December 31, 2011. JMP further clarified that the scope of the

ODNI's search should not be limited to ODNI-originated records. JMP also requested

that responsive records be produced in electronic form.

58. JMP realleges paragraphs 14-15, as JMP's request to the ODNI contained similar

language to that contained in the FBI request addressing privacy concerns and JMP's

request for a fee waiver.

17

59. To date, no substantive response has been received by JMP from the ODNI. JMP has constructively exhausted all required administrative remedies.

60. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the ODNI of said right.

WHEREFORE, plaintiffs The James Madison Project and Ken Dilanian pray that this Court:

(1) Orders the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   January 22, 2016

Respectfully submitted,

/s/
_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W., Ste. 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs