IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-116 (RBW) |
| DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Plaintiffs and Defendants hereby submit for the Court's consideration a Joint Status Report pursuant to the Court's Order of March 25, 2016, ECF No. 16. The Court's Order asked the Parties to propose a dispositive briefing schedule regarding Plaintiffs' lawsuit, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. At this early stage in the litigation, the Parties are unable to propose a briefing schedule for dispositive motions because the administrative processing of Plaintiffs' FOIA requests has not been completed.

Plaintiffs propose that the Court schedule a status conference by no later than May 1, 2016, to discuss Defendants' progress processing Plaintiffs' requests and any other relevant developments. Defendants have concluded that such a status conference is premature given the breadth of Plaintiffs' FOIA requests and the amount of processing time they require, although Defendants would not oppose filing another status report if the Court concludes doing so would be helpful.

**BACKGROUND**

This action relates to a total of nine FOIA requests Plaintiffs submitted to seven different federal entities on December 10 and 21, 2015.  These FOIA requests all concern the investigation and prosecution of former National Security Agency ("NSA") employee Thomas Drake.  These FOIA requests seek a number of categories of information from the NSA, Federal Bureau of Investigation ("FBI"), Executive Office for U.S. Attorneys ("EOUSA"), Department of Defense Office of the Inspector General ("DOD OIG"), Central Intelligence Agency ("CIA"), Office of the Director of National Intelligence ("ODNI"), and the Department of Justice ("DOJ") Criminal Division.  Plaintiffs have indicated that these federal entities' searches should include records generated between January 1, 2000, and December 21, 2011, and should not be limited to records originated by the federal entity itself.  Plaintiffs and Defendants have been unable to reach any agreement narrowing these requests.

**I.     FOIA Requests to the NSA, FBI, and EOUSA**

Plaintiffs' requests to the NSA, FBI, and EOUSA are largely but not entirely similar. Plaintiffs seek the following categories of information from all these entities:

(1)     Records memorializing the entirety of the federal entity's investigation of Mr. Drake, including but not limited to lawful disclosures of information by Mr. Drake within the U.S. Government, lawful disclosures of information to Congress, and allegedly unlawful disclosures of classified information to non-governmental third parties;

(2)     Any documentation memorializing the extent to which Mr. Drake was deemed by the federal entity to qualify as a "whistleblower" under then-existing law, rules, and regulations with respect to his lawful disclosures of classified information;

(3)   Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States;

(4)   Any documentation memorializing legal analyses of the viability of legal action against Mr. Drake as a result of his allegedly unauthorized disclosures of allegedly classified information, including civil and/or criminal litigation;

(5)   Any documentation memorializing legal analyses of the viability of bring criminal charges against Mr. Drake for his lawful disclosures of classified information; and

(6)   Any documentation memorializing legal, security, or policy analyses concerning the decision to drop criminal charges against Mr. Drake.[1]

Additionally, from both the FBI and NSA, Plaintiffs seek copies of all their records memorializing "crime reports" filed with the DOJ for the potential criminal prosecution of Mr. Drake.

From the NSA alone, Plaintiffs seek any documentation memorializing analyses of administrative measures that could be taken against Mr. Drake as a result of his allegedly unauthorized disclosures of allegedly classified information, including with respect to his continued eligibility for access to classified information; and any documentation memorializing analyses of administrative measures that could be taken against Mr. Drake as a result for his lawful disclosures of classified information, including with respect to his continued eligibility for access to classified information.

---

[1] The precise language of the requests differs slightly between the requests.  Copies of the requests themselves are attached to Defendants' Answer, ECF No. 15.  The requests contain Plaintiffs' characterizations of related facts, and thus do not reflect Defendants' position with regard to those facts.

From the EOUSA alone, Plaintiffs seek any documentation memorializing the decision to authorize the FBI raid on Mr. Drake's home; and any documentation memorializing the decision not to charge Mr. Drake for lawful disclosures of classified information.

## II.     FOIA Requests to DOD OIG and ODNI

Plaintiffs made similar requests to DOD OIG and ODNI.  From them, Plaintiffs requested:

(1)     Records memorializing the entirety of the federal entity's investigation of Mr. Drake's written concerns regarding the Trailblazer program, including lawful disclosures of information by Mr. Drake within the U.S. Government and to Congress;

(2)     Records memorializing the entirety of the federal entity's investigation into Mr. Drake's complaint of whistleblower retaliation;

(3)     Records memorializing the entirety of the federal entity's investigation (if any) into Mr. Drake's allegedly unlawful disclosures of classified information to non-governmental third parties;

(4)     Any documentation memorializing the extent to which Mr. Drake was deemed by the federal entity to qualify as a "whistleblower" under then-existing law, rules, and regulations with respect to his lawful disclosures of classified information;

(5)     Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States; and

(6)     Any documentation memorializing the findings and/or recommendations issue by the federal entity with respect to the investigations referenced in (1), (2), and/or (3).

**III.     FOIA Requests to the CIA and DOJ Criminal Division**

Plaintiffs also seek information from the CIA and DOJ Criminal Division.  From the CIA, Plaintiffs seek:

(1)     Records memorializing the entirety of the CIA's investigation of Mr. Drake, including but not limited to lawful disclosures of information by Mr. Drake within the U.S. Government, lawful disclosures of information to Congress, and allegedly unlawful disclosures of classified information to non-governmental third parties; and

(2)     Any "damage" or "harm" assessments made regarding the impact that Mr. Drake's allegedly unauthorized disclosures of allegedly classified information has had upon the national security of the United States.

From the DOJ Criminal Division, Plaintiffs seek all records memorializing "crime reports" filed with the DOJ for the potential criminal prosecution of Mr. Drake.

## ESTIMATED PROCESSING SCHEDULE

**I.     Requests Submitted to the FBI**

The FBI has determined that it possesses over 4,000 pages of materials potentially responsive to Plaintiffs' requests, as well as 11 audio compact discs containing potentially responsive material.  Much of this material is currently classified and will need to be specially and carefully reviewed.  In addition, approximately half of the material in the FBI's possession implicates equities of other federal entities, and will need to be sent to these other entities for their review before its processing can be completed.  All told, the FBI estimates that it can complete its processing of Plaintiffs' FOIA requests and release any responsive, non-privileged, and non-exempt records within its possession, custody, or control by June 1, 2017.

**II.     Requests Submitted to the NSA**

The NSA has determined that it possesses a significant volume of materials potentially responsive to Plaintiffs' requests, although it is unable to offer a page-number estimate at this time. This material is highly classified and will need to be specially and carefully reviewed. In addition, NSA anticipates receiving thousands of pages for its review from the other federal entities subject to Plaintiffs' FOIA requests. All told, the NSA estimates that it can complete its processing of all Plaintiffs' FOIA requests and release any responsive, non-privileged, and non-exempt records within its possession, custody, or control by June 1, 2017.

**III.    Requests Submitted to the EOUSA**

The EOUSA estimates that the number of documents in its possession potentially responsive to Plaintiffs' request, if any, is limited, although it needs additional time to complete its search. Any of the potentially responsive documents it may possess may also implicate equities of other federal entities, and thus, in addition to being analyzed by EOUSA, may need to be sent to these other entities for their review before its processing can be completed. The EOUSA estimates that it can complete its processing of Plaintiffs' FOIA request and release any responsive, non-privileged, and non-exempt records within its possession, custody, or control by July 1, 2016.

**IV.    Requests Submitted to the DOD OIG**

The DOD OIG estimates it possesses roughly 500 unclassified and 4,000 classified pages of materials potentially responsive to Plaintiffs' request. The classified material, which includes Top Secret and Special Access Program information, will need to be specially and carefully reviewed. All of this classified material also implicates equities of other federal entities, and will need to be sent to these other entities for their review before its processing can be completed.

All told, the DOD OIG estimates that the its can complete its processing of all Plaintiffs' FOIA request and release any responsive, non-privileged, and non-exempt records within its possession, custody, or control by June 1, 2017.

**V.       Requests Submitted to the ODNI**

The ODNI estimates that the number of documents in its possession potentially responsive to Plaintiffs' FOIA request, if any, is limited, although it needs additional time to complete its search.  Any of potentially responsive documents it may possess may also implicate equities of other federal entities, and thus, in addition to being analyzed by ODNI, will need to be sent to these other entities for their review before its processing can be completed.   The ODNI estimates that the its can complete its processing of all Plaintiffs' FOIA request and release any responsive, non-privileged, and exempt records within its possession, custody, or control by July 1, 2016.

**VI.      Requests Submitted to the CIA**

The CIA is still evaluating Plaintiffs' request.  Until that evaluation is complete, the CIA is unable to provide a precise estimate for responding to Plaintiffs' request, although CIA estimates that it would be able to respond to Plaintiffs' request by no later than April 1, 2017.  Defendants will inform Plaintiffs and the Court when the CIA completes its evaluation and can offer more information.

**VII.     Requests Submitted to the DOJ Criminal Division**

The DOJ Criminal Division has determined that it does not have the "crime reports" Plaintiff requests (as it understands the term) in its possession, custody, or control.  The Parties, however, have recently stipulated that a search for prosecution memos and criminal referrals relating to the investigation and prosecution of Mr. Drake would satisfy Plaintiffs' FOIA request

for "crime reports." The DOJ Criminal Division estimates it can complete the search and processing of any such prosecution memos and criminal referrals within its possession, custody, or control, and release any responsive, non-privileged, and non-exempt records by July 1, 2016.

* * *

Thus, in sum, the federal entities estimate that they can complete their processing of Plaintiffs' FOIA requests and release any responsive, non-privileged, and non-exempt records within their possession, custody, or control (if any) by the following dates:

| | |
|---|---|
| EOUSA: | July 1, 2016 |
| ODNI: | July 1, 2016 |
| DOJ Criminal: | July 1, 2016 |
| CIA: | April 1, 2017 |
| DOD OIG: | June 1, 2017 |
| FBI: | June 1, 2017 |
| NSA: | June 1, 2017 |

In addition to completing the processing of these requests in the timeframes referenced above, Defendants agree to release responsive, non-privileged, and non-exempt information on a rolling basis whenever feasible. While this proposed schedule represents Defendants' good faith estimate of its ability to fully process Plaintiffs' requests, Defendants will seek to modify the schedule by stipulation or Court order in the event that unforeseen circumstances preclude Defendants from fulfilling the terms of this proposed schedule.

The Parties have also agreed to undertake their best efforts to resolve any issues regarding the withholding of records by Defendants. If the Parties are able to resolve any and all

issues regarding withholdings relating to a specific request, the Parties will jointly inform the Court that dismissal of all claims related to that request is appropriate.

Given the need for time for Defendants to complete processing Plaintiffs' requests and for the Parties to attempt to resolve any issues regarding withholding before any dispositive briefing, the Parties request that the Court not set a dispositive briefing schedule at this time. Instead, Plaintiffs request that the Court schedule a status conference on or before May 1, 2016, to allow the Parties to further discuss the schedule for this litigation and any relevant developments.  Plaintiffs also have requested that the Defendants determine within the next 30 days how often the rolling productions for each particular defendant agency can be made, including whether an estimated average number of pages to be processed (although not necessarily released) for each rolling production can be provided as well.  Defendants oppose scheduling a status conference, which they believe is unnecessary and premature given the complexity of Plaintiffs' requests and the amount of processing time necessary.  Defendants, however, would not oppose filing another status report if the Court would find such a report helpful.

Dated: April 1, 2016

Respectfully submitted,

| | |
|---|---|
| */s/ Bradley P. Moss* | BENJAMIN C. MIZER |
| Bradley P. Moss, Esq. | Principal Deputy Assistant Attorney General |
| D.C. Bar #975905 | |
| Mark S. Zaid, Esq. | CHANNING D. PHILLIPS |
| D.C. Bar #440532 | United States Attorney |
| Mark S. Zaid, P.C. | |
| 1250 Connecticut Avenue, N.W., Ste. 200 | ELIZABETH J. SHAPIRO |
| Washington, D.C. 20036 | Deputy Branch Director |
| (202) 454-2809 | |
| (202) 330-5610 fax | */s/ Timothy A. Johnson* |
| Brad@MarkZaid.com | TIMOTHY A. JOHNSON |
| Mark@MarkZaid.com | D.C. Bar No. 986295 |
| | United States Department of Justice |
| *Counsel for Plaintiffs* | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue NW |
| | Washington, D.C. 20530 |
| | Tel: (202) 514-1359 |
| | Fax:  (202) 616-8470 |
| | |
| | *Counsel for Defendants* |