# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 16-116 (RBW) |
| DEPARTMENT OF JUSTICE, et al., | * * * * | |
| Defendants. | * * | |

**RULE 56(d) DECLARATION OF BRADLEY P. MOSS, ESQ.**

The undersigned hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I am making this Declaration on personal knowledge. This Declaration is submitted in support of the plaintiffs' Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment.

2. I am one of the attorneys for the plaintiffs The James Madison Project and Ken Dilanian (hereinafter referred to jointly as "JMP") in this matter, along with my firm's Managing Partner, Mark S. Zaid ("Mr. Zaid"). I am admitted to practice law in the State of Illinois and the District of Columbia, as well as the U.S. Court of Appeals for the D.C. Circuit and the United States District Courts for the District of Columbia, District of Maryland and the Northern District of Illinois. I have been litigating cases involving the federal government, including with respect to the Freedom of Information Act ("FOIA"), since 2007. I also actively represent individuals associated with or within the intelligence,

Both Mr. Zaid and I hold U.S. Government security clearances, granted by the Department of Justice, for the purpose of representing specific clients, some of whose affiliation to the U.S. Government is a classified fact.

*Exemption Five Redactions*

3.   In the Defendants' Motion for Partial Summary Judgment, the Office of the Director of National Intelligence ("ODNI") invoked Exemption 5 as justification for redactions made in two different documents, designated as Document A and Document B. Those two documents consist of e-mail threads dated June 8, 2011, and August 24, 2009, respectively.

4.   Document A largely concerns a lengthy debrief e-mail sent by ODNI's General Counsel, Robert Litt ("Mr. Litt"), to several ODNI officials, including the Director of National Intelligence, James Clapper ("Director Clapper"). ODNI redacted the entirety of Mr. Litt's e-mail to Director Clapper; all four paragraphs worth of it. We respectfully question whether every single aspect of that e-mail constituted mere frank opinions and characterizations of the case. Given the timing of this e-mail it would be reasonable to conclude it discusses how ODNI would proceed forward from a policy standpoint following the prosecution's case falling apart. To the extent it does, Exemption 5 would not apply.

5.   Document B consists of a pair of e-mails back and forth between Mr. Litt and unidentified officials at ODNI. The unredacted portions of the e-mails give at least some context, namely that these officials were discussing how the investigation was proceeding and what steps the FBI was taking at that point with respect to Thomas Drake. In its affidavit, ODNI admits that the redactions encompass discussions on what steps ODNI

affidavit, ODNI admits that the redactions encompass discussions on what steps ODNI would take next. These were not low-level functionaries pondering ideas out loud as Mr. Litt is the ODNI General Counsel and at least one of the other officials appears to be the Deputy Director for the ODNI Special Security Center. It is reasonable to apply a rebuttal presumption to the idea that the discussions they had regarding the next steps ODNI would take actually became the next steps ODNI took. If this is the case, again, Exemption 5 would not apply.

6. At a minimum, given the issues outlined above in paragraphs 4 and 5, as well as the controversial circumstances surrounding the prosecution of Thomas Drake, we respectfully ask that this Court review the unredacted portions of Document A and Document B *in camera*.

I do solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge.

Date:   December 9, 2016

Bradley P. Moss, Esq.